# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | CASE NO.: 1:13CR277 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ziyaya Mtola, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are two motions in limine filed by the Government. Defendant has responded in opposition to both motions. The Court now resolves those motions.

In its first motion, the Government seeks to exclude any evidence collaterally attacking Defendant's removal order. In response, Defendant asserts:

> The defense will merely present the fact that a motion to reopen the immigration case was pending at the time of the first incident. The defense does not intend to argue the motion to reopen rendered the final order invalid. The evidence will not be used to "collaterally attack" the deportation order, but rather will merely explain the circumstances surrounding the attempted deportation.

Doc. 31 at 2. As the Government has included the orders denying Defendant's motions to reopen, it appears that the parties are in full agreement. The status of the immigration

matter at the time of the attempted removal is relevant and will be introduced.  Moreover, the Government is correct that no attempt may be made to attack the validity of those proceedings.  Accordingly, while evidence of those proceedings may be introduced, the first motion is limine is GRANTED as is seeks only to exclude argument attacking the validity of those proceedings.

Furthermore, the Court also agrees with the Government that Defendant should be precluded from testifying regarding his alleged fear of persecution in South Africa.  While Defendant asserts that this fear provides the context and indeed his motive for resisting removal, the Court finds that any relevance of this evidence is substantially outweighed by the undue prejudice that would accompany such testimony.  Defendant had the opportunity to present these allegations in his deportation proceedings and they were found insufficient to warrant asylum or to delay his removal.  Moreover, they cannot form any portion of a defense in this matter.  As such, they have marginal relevance, at best.  However, allowing any testimony about the alleged acts that give rise to this alleged fear of persecution would carry significant prejudice.  Accordingly, this aspect of the first motion in limine is also GRANTED.

In its second motion, the Government seeks to exclude evidence of specific prior good acts of Defendant.  For substantially the same reasons stated above, the evidence shall be excluded.  Once again in support, Defendant asserts that he should be able to introduce letters and documents verifying his income, taxes, and other business matters since his arrival in the United States.  The Court does not agree that this background falls with the *res gestae* exception for allowing prior good acts.  Instead, it is apparent that Defendant seeks to use these prior acts to demonstrate that he was a law abiding resident

2

and attempt to portray his attempted removal as unwarranted. The Court will not allow even a subtle attempt to attack those proceedings. As such, the second motion is also GRANTED.

    IT IS SO ORDERED.


Dated: <u>October 25, 2013</u>                           <u>/s/ *Judge John R. Adams*</u>
                                                        JUDGE JOHN R. ADAMS
                                                        UNITED STATES DISTRICT COURT